IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K. A., BY AND THROUGH HER NEXT FRIEND B.W. INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | ) ) ) ) ) |
| Plaintiff, | ) No. 4:18-00516-CV-RK ) ) |
| v. | ) ) ) |
| CHILDREN'S MERCY HOSPITAL, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is K.A. by and through her next friend B.W. ("Plaintiff")'s Motion to Remand. (Doc. 13.) On July 6, 2018, Defendant filed its Notice of Removal. (Doc. 1.) On August 24, 2018, Children's Mercy Hospital ("Defendant") filed suggestions in opposition to Plaintiff's Motion to Remand. (Doc. 18.) Reply suggestions were not filed. After careful consideration and for the reasons below, Plaintiff's Motion to Remand (doc. 13) is **GRANTED**, and this matter is remanded to the Circuit Court of Jackson County, Missouri.

### Background

This putative class action was filed in the Circuit Court of Jackson County, Missouri, styled *K.A. ex rel. B.W. v. Children's Mercy Hospital*, Case No. 1816-CV13521. (Doc. 1.) Plaintiff's Complaint alleges that "on or about August 4, 2016, a container with patient records inside, owned and maintained by Children's Mercy, was stolen from a Children's Mercy employee' vehicle. . . the information in the container includes, but is not limited to, patients' names, dates of birth, phone numbers, appointment dates, medical records, account numbers, and diagnoses." (Doc. 1-2, ¶ 11-12.)

Plaintiff alleges the following causes of action in the Complaint: Count I: Violations of Missouri's Merchandising Practices Act ("MMPA"), RSMo. §§ 407.010 *et seq.*; Count II: Breach of Fiduciary Duty; Count III: Breach of Contract; Count IV: Negligent Training and Supervision; and Count V: Negligence. Defendant removed this action to this Court pursuant to the Class

1

Action Fairness Act of 2005 ("CAFA"). In the instant motion, Plaintiff argues the case should be remanded because the Defendant has not established the amount in controversy by a preponderance of the evidence for CAFA jurisdiction.

## Standard

CAFA provides federal courts with subject matter jurisdiction over class actions if the following elements are met: (1) the class has more than one hundred (100) members, (2) the parties are minimally diverse, and (3) the amount in controversy is greater than five million dollars. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

The party asserting federal jurisdiction under CAFA must establish the amount in controversy requirement by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). Whether the amount in controversy requirement is met under CAFA requires a fact intensive analysis. *Id.* at 959. "[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (citation omitted). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it" nor is a defendant required to provide a "formula or methodology for calculating the potential damages." *Id.* at 887-88. Further, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation" in support of jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). However, "mere speculation or conjecture on the part of the defendant as to the amount will not be sufficient to meet the preponderance standard." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956.

## Discussion

Plaintiff does not dispute the first two elements of federal jurisdiction under CAFA. There is minimal diversity as to all class members for claims that Plaintiff and members of the class have "(1) paid more for privacy and confidentiality than they otherwise would have, and (2) paid more for privacy protections that they did not receive." (Doc. 1-2 at ¶ 21.) There has been no claim or

showing that Plaintiff and/or the class is minimally diverse as to the "type of medical services" Defendant provided to each member; the "category of treatment" Defendant provided; or the "number of visits" by Plaintiff or members of the class. (Doc. 5 at 5.) Plaintiff does not contest that the class includes at least 100 members. Therefore, at issue here is whether the amount in controversy is satisfied to establish federal jurisdiction pursuant to CAFA.

In her petition, Plaintiff seeks damages including "restitution; rescission; [and] disgorgement of all profits obtained from Defendant's unlawful conduct[.]" (Doc. 1-2 at 9-13.) In calculating the amount in controversy in its Notice of Removal, Defendant concludes that this request "presumably seeks rescission of a full contractual relationship between [Defendant] and the patient, assuming such a relationship exists." (Doc. 1 at 5.) Based on this presumption, Defendant adds $478,000 to the amount in controversy calculation by attributing $2,000 billed by it to each of the 239 putative class members for medical services. (*Id.* at 5-6) Defendant explains that this disgorgement calculation is a "very conservative estimate" "given the type of medical services provided to the patients in the putative class, of which Plaintiff alleges she is typical[.]" (*Id.*)

In her motion to remand, Plaintiff argues that this amount is "mere speculative" and "conjecture" because Defendant provides no evidence to support the $2,000 even as a conservative estimate. (Doc. 13 at 4-5.) In response, Defendant maintains that the Court can reasonably infer $2,000 per putative class member in calculating the amount in controversy "[g]iven the costs of health services nationally[,]" that Plaintiff was billed $253,870.15 for treatment, and Plaintiff's allegation that she is typical of the class. Defendant claims that "Plaintiff makes clear in her motion that she includes the value of medical services as part of the controversy in this matter[.]"[1] (*Id.* at 8.)

The Court agrees with Plaintiff that Defendant's disgorgement calculation is speculative.[2] Using Plaintiff's medical bills as a guidepost and generally pointing to the costs of health services

---

[1] The Court disagrees with Defendant's construction of Plaintiff's Motion to Remand (doc. 13). Plaintiff's Motion to Remand does not seek the value of medical services as a form of relief. Plaintiff's Motion to Remand seeks reimbursement for payments Plaintiff and the class made for privacy and confidentiality and reimbursement for additional payments for privacy and confidentiality that would not be required but for Defendant's actions. The Motion to Remand does not seek reimbursement for the value of medical services Plaintiff and the class received.

[2] The Court also is not convinced that disgorgement of medical bills and/or the value of medical services is a legally cognizable remedy for this claim. The record does not provide support that

3

nationally, without more, is insufficient to allow the Court to reasonably infer that bills per class member amounted to $2,000. Further, Plaintiff alleges that she and the class sustained similar injuries as a result of the personal information that was included in the container stolen from a Defendant's employee's vehicle, not that she and the class have similar medical bills. Therefore, Defendant's proposed $478,000 figure for rescission, restitution, and disgorgement of medical bills and/or the value of medical services cannot be considered as part of the amount in controversy calculation.

Defendant also provides other calculations to be considered for the basis for its removal under CAFA. However, even while considering these other calculations, without Defendant's suggested disgorgement calculation involving medical bills and/or the value of medical services, the amount in controversy does not amount to more than $5,000,000 by a preponderance of the evidence.

## Conclusion

After careful consideration, the Court finds Defendant has not shown the amount in controversy is satisfied by a preponderance of the evidence for CAFA jurisdiction. Accordingly, Plaintiff's Motion to Remand (doc. 13) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Jackson County.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 10, 2018

---

disgorgement of medical bills is an appropriate claim for relief for Plaintiff's allegation that medical records were stolen from Defendant's employee's vehicle. "[D]isgorgement is a form of restitution measured by the defendant's wrongful gain." *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1640 (2017) (internal quotations omitted). "Disgorgement requires that the defendant give up those gains . . . properly attributable to the defendant's interference with the claimant's legally protected rights." *Id.*